UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES A. WILLIAMS,<br>*also known as* Spot,<br><br>    Defendant. | Case No. 11-cr-40029-JPG-9 |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Charles Williams' Motion for Medical Examination (Doc. 138), which the Court construes as a motion for examination of Williams and a determination of his competency to stand trial pursuant to 18 U.S.C. § 4241. The Court finds there is reasonable cause to believe that Williams may presently be suffering from a mental or physical disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Being fully advised of the premises, the Court **GRANTS** the instant motion (Doc. 138) insofar as it requests an examination to determine Williams' competency to stand trial.

The Court **ORDERS** that, pursuant to 18 U.S.C. § 4247(b), Williams be committed to the custody of the Attorney General for a period not to exceed 30 days for placement in a suitable facility. It is further ordered that, pursuant to 18 U.S.C. § 4247(b), a psychiatric or psychological examination of Williams be conducted by a licensed or certified psychiatrist or psychologist. The examination shall be completed within 30 days, providing, however, that the director of the facility may apply for a reasonable extension of the period of custody of

the Attorney General, but not to exceed fifteen days, upon a showing of good cause that the additional time is necessary to observe and evaluate Williams.  A psychiatric or psychological report, or both, shall be filed with this Court in accordance with 18 U.S.C. § 4247(b) and (c), with copies to counsel, which shall include:

>    (1)  Williams' history and present symptoms;
>
>    (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
>
>    (3) the examiner's findings; and
>
>    (4) the examiner's opinions as to diagnosis, prognosis and whether Williams is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is further ordered that a medical examination of Williams be performed.  The examining physician's report should indicate to the Court any physical impairment or malady that renders Williams unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Upon notification by the Bureau of Prisons of Williams' designation for examination, the United States Marshal shall transport him immediately to the institution designated by the Bureau of Prisons and upon completion of the examination, return him to the Southern District of Illinois for a hearing which shall be scheduled after the Court receives the examiner's report in accordance with 18 U.S.C. § 4247(d).

The 30 days allowed for the examination shall begin on the day Williams is physically present at the designated institution and any request for an extension of this period shall be made not less that 10 days prior to the expiration of the initial 30-day period.

Finally, the Court notes that Williams and the public's right to a speedy trial shall be tolled during his transportation to and from the abovementioned facility. 18 U.S.C. § 3161(h)(1)(F) (2006). Likewise, Williams and the public's right to a speedy trial shall be tolled during his evaluation and treatment at said facility. *Id*. § 3161(h)(1)(A).

**IT IS SO ORDERED.**
**DATED: June 20, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**